**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Lewis BROOKS, Defendant–Appellant.**

No. 02–10629.

D.C. No. CR–02–00613–FJM.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2003.[*]

Decided July 15, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**924**

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM**

James Lewis Brooks ("Brooks") appeals the district court's order denying his motion to suppress, following his conditional guilty plea to two counts of possessing stolen mail in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review Brooks' motion to suppress de novo, and we review the trial court's factual findings for clear error. *United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002).

Brooks contends that the search of his personal belongings in the apartment belonging to another person violated his Fourth Amendment rights. To challenge the government's use of this evidence, Brooks must demonstrate that he personally had an expectation of privacy in the invaded place. *Minnesota v. Carter,* 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). After conducting an evidentiary hearing, the district court concluded that Brooks did not have a reasonable expectation of privacy because he was in another person's apartment without that person's consent. After reviewing the evidence, we conclude that the district court's factual findings were not clearly erroneous. Accordingly, Brooks had no reasonable expectation of privacy giving rise to the protections of the Fourth Amendment.

Brooks also contends that the district court erroneously precluded him from establishing possible bias of the black po-

lice officer who conducted the search of Brooks, who is white and apparently has Aryan Brotherhood tattoos. When questioned about the tattoos, the officer stated he did not remember any tattoos, but did notice an Aryan booklet in one of the day planners, and stated, "that didn't create any problems between him and I[sic]." The district judge was well within his discretion to limit on the basis of relevancy further cross-examination of the police officer. *See Skinner v. Cardwell,* 564 F.2d 1381, 1389 (9th Cir.1977).

We find no merit in Brooks' remaining arguments. We affirm the judgment of the district court.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

